UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SAMIR AKLEH DIAZ #A022-962-063        CASE NO.  1:26-CV-01004 SEC P

VERSUS                                JUDGE ROBERT R. SUMMERHAYS

D.C. COLE, ET AL.                     MAGISTRATE JUDGE HORNSBY

## ORDER

Before the Court is an ex parte "Emergency Motion to Enjoin Transfer of Petitioner Pending Habeas Review and Request for Expedited Consideration" [ECF No. 5], filed by Petitioner Samir Akleh Diaz. After consideration of the underlying record and applicable law, the motion is DENIED.

According to the memorandum in support of his habeas petition, Diaz, a citizen of Cuba, entered the United States in 1980 when he was seven years old.[1] He is married to an American citizen and has two children who are American citizens.[2] Diaz previously "held lawful permanent resident status," but "his green card expired in 2018."[3] Diaz was arrested by ICE on August 4, 2025, a final order of removal issued on that date, and he has remained in detention since that time.[4] Diaz contends that his detention violates the due process clause of the Fifth Amendment to the United States Constitution, because he has been detained beyond the six-month presumptively reasonable period and his removal is not significantly likely in the foreseeable future.[5]

---

[1] ECF No. 4-1 at 3.
[2] *Id.* at 3–4.
[3] *Id.* at 4.
[4] *Id.* at 3–4.
[5] *Id.* at 4–5 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

By the present motion, Diaz moves the Court for an injunction "prohibiting his transfer outside the Western District of Louisiana while his Petition for Writ of Habeas Corpus . . . is pending."[6] Diaz asserts he has been transferred multiple times during his detention, and that any future transfer would interfere with the Court's jurisdiction and impair his ability to obtain meaningful review, as it would disrupt his ability to access legal resources, communicate effectively, prepare and pursue his habeas claims, impair access to the Court, delay adjudication of his liberty interest, and risk frustrating the Court's ability to grant effective relief.[7]

The Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[8]

Further, the applicant for such an order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest.[9] The decision of whether to grant or deny a TRO lies in the district courts discretion.[10] Courts should deny such motions more often than not.[11]

---

[6] ECF No. 5 at 1.
[7] *Id.* at 2.
[8] FED. R. CIV. P. 65(b).
[9] *See Misquitta v. Warden Pine Prairie ICE Processing Center*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)).
[10] *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).
[11] *See Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued"); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025) (holding that the

Here, Diaz fails to show that immediate or irreparable injury, loss, or damages would occur absent an order from this Court. His allegations in support are wholly conclusory, as he has not shown that transfers have interfered with his ability to litigate this matter. Further, the Court's jurisdiction attached at the initial filing of Diaz's habeas petition, and it will not be destroyed by any future transfer.[12] Additionally, an order prohibiting transfers could interfere with the government's ability to execute Diaz's removal, thereby further prolonging his detention. Accordingly,

IT IS HEREBY ORDERED that the Motion to Enjoin Transfer of Petitioner [ECF No. 5] is DENIED.

THUS DONE in Chambers on this ___11th___ day of May, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

_____

extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").
[12] *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).